**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **NATIONWIDE MUTUAL FIRE** | |
| **INSURANCE COMPANY** | **PLAINTIFF** |
| v. | **CIVIL ACTION # 1:07cv1082-KS-MTP** |
| **BENNY R. KNIGHT; DAVID E. KNIGHT;** | |
| and **BRIAN K. KNIGHT** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

Before the Court is a declaratory judgment action brought by Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide"). [Doc. #3] (October 22, 2007). Nationwide has moved for summary judgment, [Doc. #13] (July 15, 2008), arguing it has no obligation to defend its insured, Defendant Benny Knight ("Knight"),[1] under either of the two policies it issued to him. Specifically, Nationwide contends that the "intentional act" exclusion in the policies relieves it of the obligation to provide a defense to Knight in a pending Mississippi state court case. *See* Pl.'s Br. [Doc. #14] (July 15, 2008). Because this Court holds that Nationwide has not met its burden of proving the absence of genuine issues of material fact, Nationwide's motion for summary judgment should be **denied**.

## I. FACTUAL BACKGROUND

Knight was sued in Mississippi state court in September 1999 for his alleged assault and battery of David Knight and Brian Knight (the "Third Party Plaintiffs"). Pl.'s Ex. A [Doc. #13-2]

---

[1] Knight is the only remaining Defendant in this case. *See* Stipulation and Agreed Order [Doc. #12] (January 28, 2008).

(July 15, 2008). The state court complaints allege that Knight "assaulted and battered . . . [the Third Party Plaintiffs] by willfully and maliciously striking [them] . . . with a wooden board." *Id.* Knight tendered defense of the suits to Nationwide in May 2006. Pl.'s Br. at 1.

Although Nationwide issued two insurance policies to Knight, a primary policy and an umbrella policy, only the umbrella policy's coverage is at issue in this case.[2] Moreover, Nationwide does not contest the fact that the umbrella policy would obligate it to defend Knight, but for the existence of an "intentional acts" exclusion in the policy. *See* Pl.'s Br.; Pl.'s Res. Br. [Doc. #19] (August 22, 2008). By virtue of the "intentional acts" exclusion, Nationwide is not bound to defend Knight for bodily injury he intentionally causes unless inflicted in self-defense.[3]

Knight contends that he was acting in self-defense when he struck the Third Party Plaintiffs with a wooden board. *See* Def.'s Ex. A [Doc. #17-2] (August 8, 2008). In support of this contention, Knight has submitted a sworn affidavit. *Id.* In the affidavit, Knight avers that the two Third Party Plaintiffs attacked him without provocation and attempted to kill him. *Id.* at ¶¶ 3-7. Knight further avers that the Third Party Plaintiffs are both more than 20 years younger than him and that he had to hit them with the board because he feared for his life. *Id.* at ¶ 8.

---

[2] Both policies were in effect at the time of the alleged assault and battery. However, Knight does not argue that the primary policy obligates Nationwide to provide him with a defense. *See* Def.'s Br. at 3-6 [17-4] (August 8, 2008).

[3] The "intentional acts" exclusion states:

Excess liability and additional coverages do not apply to:

1. **bodily injury** or **property damage** intended or expected by the **insured**. This does not apply to **bodily injury** or **property damage** caused by an **insured** trying to protect person or property.

Def.'s Ex. B at 29 [Doc. #17-3] (August 8, 2008).

## II. STANDARD OF REVIEW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### A.  Federal Procedural Law

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache*

*Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd.  v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions."  *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson,* 477 U.S. at 255.  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.

### B.  State Substantive Law

The parties agree that Mississippi substantive law governs Nationwide's claim.  *See* Pl.'s Br. at 5; Def.'s Br. at 5; *see generally In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007), *cert. denied by* 128 S. Ct. 1230 (deferring to the parties' agreement on which state's substantive law controlled).  To determine Mississippi law, the Court must first determine whether "any final decisions of the Mississippi Supreme Court are dispositive."  *Centennial Ins. Co. v. Ryder Truck Rental*, 149 F.3d 378, 382 (5th Cir. 1998).  Where, as here, there are no Mississippi Supreme Court cases on point, the Court's task is to make an *Erie* guess by predicting how that Court would rule based on the facts in the case at bar.  *Id.*  The United States Court of Appeals for the Fifth Circuit has outlined the process for making an *Erie* guess when applying Mississippi law:

> We start by determining whether or not any final decisions of the Mississippi Supreme Court are dispositive.  If no such holdings exist, we predict how that tribunal would rule.  We base our forecast on (1) decisions of the Mississippi

4

>Supreme Court in analogous cases, (2) the rationales and analyses underlying Mississippi Supreme Court decisions on related issues, (3) dicta by the Mississippi Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which Mississippi courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries. Absent evidence to the contrary, we presume that the Mississippi courts would adopt the prevailing rule if called upon to do so. We must never forget that we are emphatically not permitted to do merely what we think best; we must do that which we think the Mississippi Supreme Court would deem best.

*Id.* (internal citations and quotation marks omitted).

### III. APPLICATION AND ANALYSIS

#### A. Allegations of the Complaint Rule

To determine whether a duty to defend exists, Mississippi law requires the Court to first inspect the allegations of the complaint. *Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 719 (Miss. 2004). "If the complaints state a claim that is within or arguably within the scope of coverage provided by the policy," Nationwide is obligated to defend Knight. *Am. Guarantee & Liab. Ins. Co. v. 1906 Co.*, 273 F.3d 605, 610 (5th Cir. 2001). "In comparing the complaints with the policy terms, [courts] look not to the particular legal theories pursued by the state complainants, but to the allegedly tortious conduct underlying their suits." *Id.* "Only if the pleadings state facts 'bringing the injury within the coverage of the policy' must the insurer defend." *Foreman v. Cont'l Cas. Co.*, 770 F.2d 487, 489 (5th Cir.1985) (quoting *Battisti v. Cont'l Cas. Co.*, 406 F.2d 1318, 1321 (5th Cir.1969)).

Here, the underlying complaints state claims of intentional assault and battery. *See* Pl.s' Ex. A. Specifically, the complaints allege that Knight willfully and maliciously struck the Third Party Plaintiffs with a wooden board. *Id.* The complaints allege that the assault and battery

caused the Third Party Plaintiffs to sustain "severe and serious injuries." *Id.* Thus, it is undisputed that the complaints allege that Knight intentionally caused the Third Party Plaintiffs to sustain bodily injuries. *See* Pl.'s Ex. D [Doc.13-5] (July 15, 2008).

Although the umbrella policy's "intentional acts" exclusion expressly excludes such intentional acts from coverage, the exclusion does not apply to injuries inflicted in self-defense. *See* Def.'s Ex. B at 29. Consequently, the Court must scour the complaints for any indication the acts were taken in self-defense. If there is so much as an ambiguous statement from which the Court could infer self-defense, Nationwide would be obligated to defend Knight. *See, e.g.*, *Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326, 331 (5th Cir. 1999) ("any doubt as to the existence of a defense obligation is . . . resolved in favor of the insured.").

Having conducted a careful review of the complaints, the Court has found no language that indicates the injuries were sustained when Knight acted in self-defense. To the contrary, the words "willfully and maliciously" indicate that Knight's actions were not taken in self-defense. *See* Pl.'s Ex. A. As a result, the Court concludes that the allegations in the Complaint do not obligate Nationwide to defend Knight in the underlying suit.

### B. The "Extrinsic Facts" Exception

"Mississippi law provides an exception to the 'allegations of the pleadings' rule, which holds that an insurer has a duty to defend when presented with extrinsic facts, . . . that trigger coverage under the policy." *Mulberry Square Prods. v. State Farm Fire & Cas. Co.*, 101 F.3d 414, 422 (5th Cir. 1996). Under this exception, insurers have a duty to defend if informed by the insured "that the true facts are inconsistent with the complaint." *Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 719 (Miss. 2004) (citing *Mavar Shrimp & Oyster Co. v. U.S. Fid. &*

*Guar. Co.*, 187 So. 2d 871, 875 (Miss. 1966)).  The United States Court of Appeals, Fifth Circuit has labeled this a "narrow exception."  *Am. States Ins. Co. v. Natchez Steam Laundry*, 131 F.3d 551, 553 (5th Cir. 1998).

Because Knight has submitted an affidavit that plainly contradicts the complaints' allegations,[4] the Court must determine whether Knight's affidavit has produced "true facts" under Mississippi law.

The Mississippi Supreme Court has held that if an insured submits uncontroverted, competent evidence establishing the falsity of the pertinent allegations in the complaint, the insured has provided "true facts" under the exception.  *See Mavar Shrimp & Oyster Co.*, 187 So. 2d 871.  In *Mavar*, the Mississippi Supreme Court held that an insurer was obligated to provide a defense despite the fact that the underlying complaint alleged facts that did not bring the case within the policy's coverage.  *Id.* at 872-74.  The insurance policy in *Mavar* excluded coverage for injuries sustained by employees of the insured, and the underlying complaint alleged injuries sustained as an employee of the insured.  *Id.*  To establish "true facts" satisfying the "extrinsic acts" exception, the insured proved: (1)the insurer knew of the insured's contention that the third party plaintiff was not an employee at the time he was injured; (2) the insurer knew that the insured "had been successful in maintaining in other cases that other persons in the same status . . . were not its employees."  *Id.* at 874.  Based on these two facts, the *Mavar* Court held the insurer

---

[4] Nationwide does not and cannot dispute this conclusion because if the complaints leave open the possibility that Knight acted in self-defense, Nationwide would be obligated to defend and the "extrinsic acts" exception would not be needed.  *See, e.g.*, *Am. Guarantee & Liab. Ins. Co.*, 273 F.3d at 610-11 (an insurer can refuse to defend "only if it is clear from the face of the [complaint in the underlying lawsuit] that the allegations therein are not covered [by the policy].").

was obligated to defend the insured, emphasizing that "the only proof in the record does show that [the third party plaintiff] was not an employee" of the insured. *Id.* at 875.

A court in this district has similarly found "true facts" when the record evidence unanimously supported coverage under the policy. *See Meng v. Bituminous Cas. Corp.*, 626 F. Supp. 1237 (S.D.Miss. 1986). In *Meng*, the underlying complaint alleged unspecified "damages" caused by a defective sprinkler system installed by the insured. *Id.* at 1238. The policy in *Meng* excluded liability for damages to the sprinkler system, but not for damage caused to other property *by* the sprinkler system. *Id.* at 1239-40. During discovery, the third party plaintiff testified that his suit primarily sought recovery for damages to other property caused by the sprinkler system. *Id.* at 1241. No evidence in the record contradicted this assertion. *See id.* As a result, the court held that once the insurer received notice of the deposition testimony, it "had an obligation to defend since the facts indicated coverage." *Id.* at 1241.

Notwithstanding the decisions in *Mavar* and *Mens*, the insured cannot establish "true facts" by merely denying the allegations in the underlying complaint. To constitute "true facts" under the "extrinsic facts" exception, there must be competent summary judgment evidence. *See Am. States Ins. Co.*, 131 F.3d 551. In *American States*, the underlying complaint alleged intentional sexual harassment and the insurance policy in question excluded coverage for injury "intended from the standpoint of the insured." *Id.* at 552-53. The insured argued unsuccessfully that he had produced "true facts" inconsistent with the complaint because he had "promptly notified [the insurer] that any touching was unintentional." *Id.* at 553. The court held this to be insufficient to constitute "true facts" under *Mavar* because the contention was "not a 'fact,' but only an assertion." *Id.* at 553. As the *American States* court explained, if courts deemed such an

8

assertion to be sufficient under *Mavar*, every insured could simply deny the allegations in the underlying complaint and thereby "eviscerate Mississippi's general rule - that an insurer can determine whether it has a duty to defend by comparing the complaint to the policy." *Id.* at 553-54.

Turning to the case at bar, the record evidence uncontrovertedly supports a finding of coverage. In his affidavit, Knight provides a detailed account of the altercation and swears under penalty of perjury that he acted in self-defense. No record evidence contradicts Knight's averments.

Nationwide argues, however, that this Court is bound by *American States* to conclude that Knight's affidavit does not establish "true facts." Nationwide argues that Knight – like the insured in *American States* – has done no more than "provide an assertion" countering the underlying complaints' allegations. Pl.'s Res. Br. at 3-4. This Court disagrees, finding *American States* to be distinguishable.

Critically, the insured in *American States* did not offer any *evidence* that was inconsistent with the underlying complaint, but instead relied solely on an unsubstantiated denial of the complaint's allegations. It is well established that a nonmovant cannot satisfy its summary judgment burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. In the case at bar, in contrast, Knight has provided competent summary judgment evidence by submitting a sworn affidavit. Knight's affidavit is more than a mere denial; it is sworn under penalty of perjury and sets forth in detail the facts giving rise to coverage. These additional facts – that he was attacked by two men 20 years his junior and that he acted in self-defense – bring

9

the underlying case squarely within the umbrella policy's coverage.[5]  The difference between Knight's evidence, a sworn affidavit based on personal knowledge, and the denial by the insured in *American States* is significant under the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 56(e) ("an opposing party may not rely merely on allegations or denials in its own pleadings; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.").  As a result, the Court holds that there is a genuine issue of material fact as to whether the "extrinsic facts" exception applies in this case.  Additionally, the Court is confident that this conclusion would be looked at favorably by the Mississippi Supreme Court.  *See Travelers Ins. Co. v. General Refrigeration & Appliance Co.*, 218 So.2d 724, 727 (Miss. 1969) ("It would be the better part of valor to defend doubtful cases of coverage and to resolve the doubts when the battle with the claimant is over.").

## IV. CONCLUSION

In light of the sworn affidavit submitted by Knight, the uncontroverted evidence in the

---

[5] Unlike the insured in *American States*, Knight has done more than deny that his actions were intentional.  This Court therefore need not resolve the underlying issue of Knight's liability to resolve the issue of coverage.  This is true because to conclude that there is evidence Knight was trying to defend himself, this Court need not (and does not) offer any opinion as to whether Knight has established the elements of the affirmative defense of self-defense under Mississippi law.  *See generally Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991) (a person acting in self-defense is only "privileged to use reasonable force, not intended or likely to cause . . . serious bodily harm").  In other words, Knight may have both acted in defense of his person and incurred liability under Mississippi law.  To the extent Nationwide would argue that the Court should interpret the umbrella policy's "intentional acts" exception more narrowly, the Court declines to do so.  *See Am. Guar. & Liab. Ins. Co.*, 273 F.3d at 610-11 ("Mississippi courts interpret terms of insurance policies, particularly exclusion clauses, favorably to the insured wherever reasonably possible" and "resolve any ambiguities or equivocal expressions in favor of the insured[ ].").

record establishes that Knight was acting in self-defense when he struck the Third Party Plaintiffs.  Accordingly, the Court finds that Knight (the insured) has made Nationwide (the insurer) aware of "true facts" that are contrary to the allegation in the underlying complaints and which would obligate Nationwide to defend Knight in the underlying suit.  As a result, Nationwide has failed to meet its burden of proving that there is no genuine issue of material fact that would entitle it to judgment as a matter of law.

>	IT IS, THEREFORE, ORDERED AND ADJUDGED that the Plaintiff's motion for summary judgment [Doc. #13] is **denied**.

>	SO ORDERED AND ADJUDGED on this, the 16th day of September, 2008.

>					*s/Keith Starrett*
>					UNITED STATES DISTRICT JUDGE